**Guy B. ROBERTS, Appellant,**

v.

**Harry N. WALTERS, Administrator of Veteran Affairs, et al., Appellees.**

**Appeal No. 85–2782.**

United States Court of Appeals, Federal Circuit.

June 4, 1986.

---

---

Guy B. Roberts, Kailu, Hawaii, argued pro se.

Elizabeth Woodruff, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., for appellees. With her on brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Sandra P. Spooner, Asst. Director. John Brizzi, Veterans Admin., Washington, D.C., of counsel.

Before MARKEY, Chief Judge, NIES and ARCHER, Circuit Judges.

ARCHER, Circuit Judge.

Appellant, Major Guy B. Roberts (Roberts), appeals from the Memorandum Order dated March 29, 1985, of the United States District Court for the District of Columbia granting summary judgment to the appellees and dismissing Robert's claim on the basis that the jurisidictional bar of 38 U.S.C. § 211(a) (1982) precludes judicial review. We affirm.

Major Roberts is an officer on active duty in the United States Marine Corps. He enrolled at the Georgetown University Law Center to pursue a Master of Law degree in international law on a part-time basis, and applied to the Veterans' Administration (V.A.) for educational assistance. The Administrator of the V.A. determined under 38 U.S.C. § 1682(b) (1982) and 38 C.F.R. § 21.4136(c) (1983) that educational benefits for full-time study should be prorated to reflect the part-time course of study of Roberts. Roberts initiated suit in the United States District Court for the District of Columbia seeking an interpretation of the statute that would allow him, as an active duty officer, increased benefits.

The District Court dismissed Roberts' claim by reason of the statutory bar contained in 38 U.S.C. § 211(a) (1982), which reads as follows:

> On and after October 17, 1940, except as provided in section 775, 784 and as to matters arising under chapter 37 of this title, [not here relevant], the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.

Roberts timely filed a notice of appeal from this decision with the United States Court of Appeals for the District of Columbia Circuit which, on motion of the Administrator, was transferred to this court pursuant to 28 U.S.C. §§ 1295(a)(2), 1631.

Roberts contends that 38 U.S.C. § 211(a) (1982) does not bar all judicial review of V.A. rules and regulations on allowance of veterans' benefits. In support, he cites the purposes of § 211(a) as enunciated by the United States Supreme Court in *Johnson v. Robinson*[1] and the decisions of courts of appeals allowing judicial review of V.A. regulations.[2] Roberts asserts that judicial review is permissible here because the reg-

---

1. 415 U.S. 361, 370, 94 S.Ct. 1160, 1167, 39 L.Ed.2d 389 (1974).

2. *Wayne State University v. Cleland*, 590 F.2d 627 (6th Cir.1978); *Evergreen State College v.* *Cleland*, 621 F.2d 1002 (9th Cir.1980); and *University of Maryland v. Cleland*, 621 F.2d 98 (4th Cir.1980).

ulations allegedly do not follow the plain language of the statute.

In *Johnson*, the Supreme Court, despite the statutory bar of § 211(a), authorized judicial review of constitutional questions regarding veterans' benefit legislation. In doing so, it emphasized that the § 211(a) bar applied to decisions of the Administrator, as follows:

> That section provides that "the *decisions* of the Administrator on any question of law or fact *under* any law administered by the Veterans' Administration providing benefits to veterans ... shall be final and conclusive and no ... court of the United States shall have power or jurisdiction to review any such decision...." (Emphasis added.) The prohibitions would appear to be aimed at review only of those decisions of law or fact that arise in the *administration* by the Veterans' Administration of a *statute* providing benefits for veterans.

415 U.S. at 367, 94 S.Ct. at 1165–66. The Supreme Court determined that appellee Robinson's constitutional challenge was not directed to a decision of the Administrator but rather to a decision of the Congress, which had created a statutory class entitled to benefits that did not include conscientious objectors. Thus, the Court did not create an exception to § 211(a) but read the constitutional challenge as being in consonance with that section.

In subsequent decisions, several courts of appeals, *see supra* note 2, have created exceptions to the § 211(a) bar unrelated to any constitutional challenge. We decline to follow those cases. In *Baker v. United States*, 225 Ct.Cl. 668 (1980), our predecessor court, citing a long list of its prior decisions denying review of veterans' benefits, including educational allowances, refused to narrow the scope of § 211(a). This precedent is binding on us. Moreover, we note that our decision harmonizes with the limited challenge permitted in *Johnson*, and the position of the United States Court of Appeals for the District of Columbia

Circuit in *Gott v. Walters*, 756 F.2d 902, 912 (D.C.Cir.1985).

AFFIRMED.