654 F.Supp. 879 (1987)
Vernon G. RIEHL, Plaintiff,
v.
William BROCK, Secretary of Labor, et al., Defendants.
No. 85-1816C(3).
United States District Court, E.D. Missouri.
January 22, 1987.
Stephen H. Gilmore, St. Louis, for plaintiff.
Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM
HUNGATE, District Judge.
This matter is before the Court for a determination on the merits following a bench trial on December 22, 1986.
Plaintiff, a former hearing examiner for the Social Security Administration (SSA) and retired administrative law judge for the Occupational Safety and Health Administration, filed a claim for workers' compensation on May 9, 1972, for a heart attack he *880 suffered on June 10, 1971. Plaintiff claimed that his illness resulted from his assignment by SSA to an office at 210 N. 12th Street in St. Louis, Missouri, that had stale, hot air fouled by asbestos and cigarette smoke. The Office of Workers' Compensation denied plaintiff's claim after lengthy hearings and reconsiderations. Following the denial, plaintiff brought this suit contending that defendants violated his due process rights in the course of the investigation and adjudication of his claim for compensation.
Having considered the pleadings, trial testimony, exhibits, stipulations, and memoranda of the parties, the Court hereby makes and enters the following findings of fact and conclusions of law.

Findings of Fact
1. Plaintiff is a former federal administrative law judge who was a hearing examiner for the SSA at the time of his alleged injury.
2. Plaintiff suffered a "heart attack" on June 10, 1971. He filed his claim for compensation under the Federal Employment Compensation Act (FECA), 5 U.S.C. § 8101, et seq., with the predecessor to the Office of Workers' Compensation Programs (OWCP) approximately one year later on May 9, 1972. Attached to the claim were a number of letters discussing the air quality and temperature in plaintiff's office at 210 N. 12th Street, St. Louis, Missouri. Plaintiff also submitted affidavits from two physicians at that time.
3. Plaintiff submitted two other documents relating to his office conditions to the OWCP on July 17 and July 24, 1972.
4. The OWCP pursued the case from the date it was filed until September 5, 1972. However, the record does not show further action on this case from September 5, 1972, until May 23, 1975, by either plaintiff or OWCP.
5. Plaintiff wrote a letter on June 13, 1975, to OWCP inquiring as to the status of his claim. On June 16, 1975, OWCP notified plaintiff that "[t]he medical evidence is not sufficient to establish a causal relationship between [the plaintiff's] disability and the factors of [his] Federal employment" and requested further medical evidence to support his claim.
6. On June 27, 1975, plaintiff notified OWCP that he would provide further medical and other evidence. In that letter, plaintiff promised that he would have Dr. Murphy, the physican who treated him after his heart attack, "forward a detailed narrative report to include history, dates of examinations and treatment, findings of test results, and his reasoned opinion as to the causal relationship between the [plaintiff's] condition and [his] Federal employment."
7. On March 7, 1977, OWCP notified plaintiff that it had not received Dr. Murphy's report. OWCP received Dr. Murphy's report and accompanying medical records on April 18, 1977.
8. On June 1, 1977, OWCP notified plaintiff that:
[t]he medical and factual evidence submitted fails to establish a cause and effect relationship between your heart condition and factors of your Federal employment.
Sufficient reliable, supportive and probative medical rationale has not been submitted in support of your claim. No supporting documentation or report regarding the composition of the "foul" office air has been submitted.
You have not met your burden of furnishing the necessary medical and factual evidence in support of your claim.
Plaintiff also was notified that he could submit new evidence supporting his claim.
9. Plaintiff replied to the June 1, 1977, denial on June 13, 1977. Plaintiff stated:
I have sufficient medical statements in the file to support the claim, and I am going to put you on notice that I am pursuing the matter. This is my notice of appeal from your decision.
10. No further action was taken by either party until plaintiff's attorney began communicating with OWCP in February of *881 1984. Thereafter, OWCP arranged for a medical examination of plaintiff by an independent physician on March 5, 1985. The independent physician submitted his report to OWCP on March 15, 1985. Based upon this report and all other material submitted by plaintiff, the OWCP notified plaintiff of its decision formally to dismiss the claim on May 17, 1985. That notice also explained plaintiff's rights to a hearing, reconsideration, and appeal.
11. On June 14, 1985, plaintiff requested reconsideration of his claim on the grounds that the determination rendered was contrary to the evidence and that he had further evidence.
12. On August 7, 1985, plaintiff filed the instant case. On August 8, 1985, OWCP notified plaintiff that it again denied his claim. The notification of denial included notice of plaintiff's right to further reconsideration and appeal.
13. In his original complaint, plaintiff based subject matter jurisdiction of his suit on Fed.R.Civ.P. 37(d)(2) and 28 U.S.C. § 1391. Following a motion by defendants to dismiss for lack of subject matter jurisdiction, plaintiff amended his complaint and invoked this Court's jurisdiction pursuant to 28 U.S.C. § 1331.

Conclusions of Law
1. This Court lacks subject matter jurisdiction in this cause pursuant to 5 U.S.C. § 8128(b)(2). The FECA limits jurisdiction of the adjudication of FECA claims to the Secretary of Labor and prohibits review "of the action of the Secretary of Labor or his designee" by any court. Id.; see Stephens v. Office of Workers' Compensation Program, 721 F.2d 642, 642 (8th Cir.1983); DiPippa v. United States, 687 F.2d 14, 17 (3d Cir.1982).
2. Although the Court would have jurisdiction to decide whether defendants violated plaintiff's due process rights, Rodrigues v. Donovan, 769 F.2d 1344, 1348 (9th Cir.1985); see Stephens, supra, the Court concludes that plaintiff's allegations in his amended complaint of a constitutional violation are insubstantial and designed to provide a jurisdictional base where none would otherwise exist. See Rodrigues, supra at 1348 (mere allegation of a constitutional violation will not avoid the effect of a statutory finality provision).
3. Plaintiff conceded at trial that he has no right to a hearing on his FECA claim. Moreover, the Court finds that OWCP processed plaintiff's claim in a reasonably expeditious manner.
Accordingly, this action will be dismissed.