**Francis Daniel PALUCA, et al.,**
**Plaintiffs, Appellees,**

v.

**SECRETARY OF LABOR, et al.,**
**Defendants, Appellants.**

**Francis Daniel PALUCA, et al.,**
**Plaintiffs, Appellants,**

v.

**SECRETARY OF LABOR, et al.,**
**Defendants, Appellees.**

**Nos. 86–1548, 86–1549.**

United States Court of Appeals,
First Circuit.

Argued Nov. 6, 1986.

Decided March 12, 1987.

Jeanne K. Beck, with whom George R. Salem, Solicitor of Labor, Allen H. Feldman, Associate Solicitor for Special Appellate and Supreme Court Litigation, and Carol A. De Deo, Deputy Associate Solicitor, Washington, D.C., were on brief, for Secretary of Labor.

Janet Steckel Lundberg, Boston, Mass., with whom Richard M. Bluestein and Krokidas & Bluestein, Boston, Mass., were on brief, for Francis Daniel Paluca, et al.

Before COFFIN, BOWNES and TORRUELLA, Circuit Judges.

TORRUELLA, Circuit Judge.

We are required to determine the scope of judicial review under the Federal Employees' Compensation Act ("FECA"). 5 U.S.C. §§ 8101 *et seq.* Specifically, we must consider whether Section 8128(b) of the FECA [1] prohibits courts from reviewing policy or rulemaking decisions of the Secretary of Labor ("Secretary") for conformance to the FECA, and whether that provision divests courts of authority to hear constitutional challenges to the Secretary's decisions under the FECA. We conclude that § 8128(b) does preclude judicial review of the merits of policy or rulemaking decisions on statutory grounds, but does not impede the adjudication by the courts of constitutional issues such as those raised by plaintiffs in this case.

*Background*

Plaintiffs in this class action are National Guard technicians, or their survivors, who are covered by the Massachusetts state employee retirement benefit system. Each of them suffered a work related death or injury that would be sufficient to entitle them to FECA benefits, if they were eligible for those benefits. Whether they should be eligible is the substantive question underlying this dispute.

Prior to January 1, 1969, National Guard technicians were state employees. After that date, the National Guard Technicians Act made them federal employees, with the provision that technicians employed before 1969 could elect to be covered by either their state or their federal retirement benefit systems. *See* 32 U.S.C. § 709. Plaintiffs chose to remain within their Massachusetts retirement benefit system. Nevertheless, until 1978 plaintiffs and other technicians who stayed with their state benefits were eligible to receive FECA benefits as well. This FECA eligibility meant that state-covered technicians who suffered a work-related death or substantial injury would receive *both* state and federal benefits, unlike their counterparts who elected to switch to federal retirement benefits.

In 1978 the Department of Labor issued FECA Program Memorandum No. 242, which barred FECA benefits to recipients of state retirement benefits for the same work related death or injury. Program Memorandum No. 262 made this prohibition on dual benefits applicable only to FECA claims adjudicated after Program Memorandum No. 242 was issued (July 14,

---

1. 5 U.S.C. § 8128(b) provides:

    The action of the Secretary or his designee in allowing or denying a payment under this subchapter is—

    (1) final and conclusive for all purposes and with respect to all questions of law and fact; and
    (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

1978). Plaintiffs were among those no longer eligible for the FECA benefits they had expected to receive. Plaintiffs brought suit in federal district court in Boston challenging the policy as contrary to the FECA and as a denial of equal protection under the due process clause of the fifth amendment. The district court ruled for plaintiffs on statutory grounds and the Secretary appealed.

*Discussion*

The FECA precludes judicial review of compensation decisions as follows:

> The action of the Secretary [of Labor] or his designee in allowing or denying a payment under this subchapter is—
>
> (1) final and conclusive for all purposes and with respect to all questions of law and fact; and
>
> (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

5 U.S.C. § 8128(b). Appellants contend that, notwithstanding this language, district courts may review general policies or rules relating to FECA eligibility, both on statutory and on constitutional grounds. Because our decision as to constitutional and statutory review reflects quite different concerns, we will treat them separately.

A. *Jurisdiction Over Constitutional Challenges*

In deciding whether the district court has jurisdiction to hear plaintiffs' constitutional claim, we are guided by the Supreme Court's decision in *Johnson v. Robison,* 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974). In that case the Court held that a statute prohibiting judicial review of the decisions of the Administrator of Veterans' Affairs did not prohibit review of constitutional questions. *See* 38 U.S.C. § 211(a).[2] The Court noted that to hold otherwise "would, of course, raise serious questions concerning the constitutionality of § 211(a).…" *Johnson,* 415 U.S. at 366, 94 S.Ct. at 1165. Applying the "cardinal

principle that this Court will first ascertain whether a construction of the statute is fairly possible by which the [constitutional] question[s] may be avoided," *Johnson,* 415 U.S. at 367, 94 S.Ct. at 1165 (quoting *United States v. Thirty-seven Photographs,* 402 U.S. 363, 369, 91 S.Ct. 1400, 1404, 28 L.Ed.2d 822 (1971)), the Court construed the phrase in § 211(a), "the decisions … *under any law administered by the Veterans' Administration,*" to exclude constitutional issues. The Constitution is not a *statute* "administered by the Veterans' Administration." *See Robison,* 415 U.S. at 367, 94 S.Ct. at 1165 (emphasis supplied).

■ In interpreting § 8128(b) in like fashion, we call attention to the similarity between that provision and § 211(a) of the Veterans' Act. *See* footnote 2 below. The phrase "[t]he action … *under this subchapter*" in Section 8128(b) refers to statutory, and not constitutional, action. (Emphasis supplied). *See Rodrigues v. Donovan,* 769 F.2d 1344, 1347–48 (9th Cir.1985). Accordingly, the district court has jurisdiction over constitutional challenges to the Secretary's actions administering the FECA.

Whether the district court has jurisdiction over the particular constitutional challenge in this case depends on whether it is, as the Secretary contends, "so attenuated and unsubstantial as to be absolutely devoid of merit." *Newburyport Water Co. v. Newburyport,* 193 U.S. 561, 579, 24 S.Ct. 553, 557, 48 L.Ed. 795 (1904); *see Hagans v. Lavine,* 415 U.S. 528, 536–38, 94 S.Ct. 1372, 1378–79, 39 L.Ed.2d 577 (1974). Plaintiffs claim that the Secretary irrationally discriminated between the group composed of class members who were injured and filed FECA claims prior to the date of FECA Memorandum 242, but whose claims had not been finally adjudicated, and the group composed of persons who were injured, had filed claims, and had begun receiving benefits by July, 1978. The only

---

**2.** 38 U.S.C. § 211(a) provides:

[T]he decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.

difference between the first group and some of the members of the second group is how quickly the Department of Labor processed their claims.

To withstand plaintiffs' equal protection challenge the Secretary would have to show that the policy had a legitimate purpose and that the classifications imposed were rationally related to that purpose and not arbitrary or irrational. *See United States Railroad Retirement Board v. Fritz*, 449 U.S. 166, 174–77, 101 S.Ct. 453, 459–60, 66 L.Ed.2d 368 (1980). In his brief, the Secretary claims that the prospective application of FECA Memorandum 242 only to class members whose claims were adjudicated after July 14, 1978, serves the legitimate purpose of carrying out the Congressional intent in the FECA and the National Guard Technicians Act, while at the same time protecting the legitimate expectations of those class members already receiving dual benefits. The Secretary further argues that this classification is rational because an employee has no entitlement to FECA benefits until a final decision is made on a claim.

■ We will not comment on the merits of this defense other than to say that it is not strong enough to render the plaintiffs' equal protection challenge "wholly insubstantial." *Bailey v. Patterson*, 369 U.S. 31, 33, 82 S.Ct. 549, 550, 7 L.Ed.2d 512 (1962). Accordingly, the district court has jurisdiction. In the light of *United States Retirement Board v. Fritz, supra,* plaintiffs will have a difficult time invalidating the policy. Nevertheless, they are entitled to an opportunity to try. On remand the district court shall consider the merits of this constitutional challenge.

### B. *Jurisdiction over statutory challenges*

The district court's decision below, and plaintiffs' defense of that decision on appeal, reads § 8128(b) as applying only to individual compensation decisions, and not to policies enunciated in Program Memo-

randa. Plaintiffs do not deny that Congress has the power, through a "clear command of the statute," *Barlow v. Collins*, 397 U.S. 159, 167, 90 S.Ct. 832, 838, 25 L.Ed.2d 192 (1970), to preclude review of policy decisions; however, they deny that the command is clear in this case. Plaintiffs read the phrase in § 8128(b), the "action of the Secretary ... in allowing or denying *a payment,*" to refer to individual adjudications, alone.

■ This reading, however, distorts the statute. It would create the absurd result of permitting a court to strike down a policy statement of the Secretary, notwithstanding the court's inability to review any subsequent individual adjudications for conformance with its policy decision. As recently stated by the Court of Appeals for the District of Columbia, it is individual determinations that "have traditionally been accorded *more* rather than *less* judicial protection against agency error than generally applicable rules. *Compare Bi-Metallic Investment Co. v. State Board of Equalization*, 239 U.S. 441 [36 S.Ct. 141, 60 L.Ed. 372] (1915) *with Londoner v. Denver*, 210 U.S. 373 [28 S.Ct. 708, 52 L.Ed. 1103] (1908)." *Gott v. Walters*, 756 F.2d 902, 915 (D.C.Cir.1985) (Scalia, J.) *vacated and reh'g granted*, 791 F.2d 172, *remanded with instructions to dismiss as moot*, 791 F.2d 172 (D.C.Cir.1985).[3] Yet plaintiffs suggest that Congress intended the reverse when enacting § 8128(b). This suggestion makes no sense, because the Secretary would be free, in individual adjudications, to ignore anything we say, and because it conflicts with one of the major purposes of § 8128(b): "that the Secretary should be free to make the policy choices associated with disability decisions." *Rodrigues v. Donovan*, 769 F.2d 1344, 1348 (9th Cir. 1985). Issuing an FECA Program Memorandum is simply a wholesale "action ... in allowing or denying a payment." 5 U.S.C. § 8128(b). Federal employees have no right to appeal compensation decisions on FECA statutory grounds, whether these

---

**3.** *Gott* concerned the question whether the 38 U.S.C. § 211(a) preclusion of review applied to challenges based on failure to observe the Ad-

ministrative Procedure Act's rulemaking procedures. That Administrative Procedure Act question is not presented here.

decisions are made individually or through broad-impact changes in policy. Congress gave the Secretary of Labor the unequivocal power to interpret and apply the FECA without "review by another official of the United States or by a court," *id.*, as long, of course, as that power is not used in an unconstitutional manner. *See ante.*

The district court's reliance on decisions extending *Johnson v. Robison, supra*, to permit judicial review of veterans benefit decisions on statutory grounds is misplaced. *See, e.g., Wayne State University v. Cleland*, 590 F.2d 627, 631–32 (6th Cir. 1978). We find the recent contrary decisions of the Second and the Federal Circuits more persuasive. *See Roberts v. Walters*, 792 F.2d 1109 (Fed.Cir.1986); *Traynor v. Walters*, 791 F.2d 226 (2d Cir. 1986). As the Supreme Court recently noted, both 5 U.S.C. § 8128(b) and 38 U.S.C. § 211(a) are examples of "unambiguous and comprehensive language" showing that "Congress intends to bar judicial review altogether." *Lindahl v. Office of Personnel Management*, 470 U.S. 768, 105 S.Ct. 1620, 1627 & n. 13, 84 L.Ed.2d 674 (1985).

### C. The Lorenzetti Problem

Plaintiffs point to the *Lorenzetti* case as one in which the Supreme Court decided an FECA compensation issue on statutory grounds, without reference to the § 8128(b) preclusion of judicial review. *See United States v. Lorenzetti*, 467 U.S. 167, 104 S.Ct. 2284, 81 L.Ed.2d 134 (1984); *see also Green v. United States Dep't of Labor*, 775 F.2d 964 (8th Cir.1985) (deciding similar issue to *Lorenzetti*); *Ostrowski v. Roman Catholic Archdiocese of Detroit*, 479 F.Supp. 200 (E.D.Mich.1979), *aff'd*, 653 F.2d 229 (6th Cir.1981) (deciding nearly identical issue as *Lorenzetti*). *Lorenzetti* considered the following question:

> whether the United States may recover FECA payments for medical expenses and lost wages from an employee whose third-party tort recovery compensates him solely for noneconomic losses like pain and suffering.

467 U.S. at 168, 104 S.Ct. at 2286. Plaintiff Lorenzetti had won a tort judgment compensating him, under a state no-fault insurance statute, solely for noneconomic losses resulting from an injury for which he had previously received FECA benefits. The Secretary ordered him to reimburse the United States under 5 U.S.C. § 8132 for his FECA payments. The recipient refused and initiated the suit for declaratory judgment that culminated in the *Lorenzetti* opinion.

In reconciling *Lorenzetti* with our decision here, we note that in referring to § 8128 in *Lindahl v. O.P.M., supra*, the Court made no mention of the drastic limit on preclusion that plaintiffs argue follows from *Lorenzetti*. Instead, the Court gave § 8128(b) as an example of "unambiguous and comprehensive language" that shows "Congress intends to bar judicial review altogether." 105 S.Ct. at 1627 & n. 13. Section 8128(b), as noted above, prohibits review of the "action of the Secretary ... in *allowing or denying* a payment." (Emphasis supplied). In *Lorenzetti* the payment had already been allowed. Thus, the question had changed from one dealing with the unreviewable discretion of the Secretary—"allowing or denying a payment" —to one involving the question of *reimbursement* out of a tort judgment rendered under a state no-fault insurance statute. Section 8128(b) does not preclude review of that question. *Lorenzetti* is thus distinguishable from the present case.

### Conclusion

In summary, § 8128(b) precludes judicial review of FECA Program Memoranda for compliance with the FECA, but not for compliance with the Constitution. The district court thus lacked jurisdiction over the plaintiff's FECA-based statutory challenge to Program Memorandum No. 242. Accordingly, *the order of the district court below is vacated and the case is remanded for proceedings consistent with this decision.*