949 F.2d 404
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Hoke A. BRANHAM, Jr., Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3322.
 United States Court of Appeals, Federal Circuit.
 Oct. 16, 1991.
 
 Before MICHEL, PLAGER and RADER, Circuit Judges.
 RADAR, Circuit Judge.
 
 
 1
 Petitioner appeals from a decision of the Merit Systems Protection Board (Board), which sustained the reconsideration decision of the Office of Personnel Management. We affirm.
 
 
 2
 Petitioner requests review of a decision not to redetermine his annuity. Section 8344 of Title 5 requires five years of full-time reemployment or the equivalent time in part-time reemployment to obtain a fully redetermined annuity. 5 U.S.C. § 8344(a) (1990). Petitioner's period of reemployment was approximately nineteen months and, therefore, does not satisfy the statutory period. Additionally, petitioner failed to satisfy the statutory requirement of being recovered from his disability. 5 U.S.C. § 8337(d) (1990). Petitioner admits he has not recovered from his disability even to the day of filing his pro se brief with this court. Therefore, we affirm the Board's decision.
 
 
 3
 Finally, petitioner requests this court to review the decision of the administrative judge rejecting petitioner's claim for full Federal Employees Compensation Act (FECA) benefits. The Board lacks jurisdiction to review a decision of the Secretary of Labor concerning FECA benefits. 5 U.S.C. §§ 8124, 8128. The Secretary of Labor has exclusive jurisdiction to hear FECA claims. Courts may not review the Secretary's determinations. Riehl v. Brock, 654 F.Supp. 879 (E.D.Mo.1987), aff'd, 845 F.2d 1028 (8th Cir.1988).