Gregory R. CZERKIES, Plaintiff,

v.

U.S. DEPARTMENT OF LABOR, EMPLOYMENT STANDARDS ADMINISTRATION, Office of Workers Compensation Programs, Defendants.

No. 93 C 3250.

United States District Court,
N.D. Illinois, E.D.

Sept. 7, 1993.

Gregory R. Czerkies, pro se.

Ernest Ling, Asst. Atty., Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Gregory Czerkies ("Czerkies") brings this suit for unspecified money damages arising out of the denial of his claim for worker's compensation benefits by the Office of Workers' Compensation Program (OWCP) of the United States Department of Labor. Presently before the court is the defendants' motion to dismiss the complaint or, in the alternative, for summary judgment. For the reasons stated below, we grant the motion to dismiss.[1]

In 1981, while employed as a letter carrier by the United States Postal Service, Czerkies sustained an injury to his back. He subsequently sought compensation for his injury pursuant to the Federal Employees Compensation Act (FECA), 5 U.S.C. §§ 8101–8151 (1982). His administrative claims, first filed in 1986, have consistently been denied by the Office of Workers' Compensation Program, and on appeal by the Employees' Compensation Appeals Board and the Employment Standards Administration. Czerkies now challenges those decisions in this court.

FECA, however, precludes judicial review of compensations decisions. 5 U.S.C. § 8128(b) provides:

The action of the Secretary [of Labor] or his designee in allowing or denying a payment under this subchapter is—

(1) final and conclusive for all purposes and with respect to all questions of law and fact; and

(2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

As a general rule, therefore, this court lacks subject matter jurisdiction to consider the denial of Czerkies' claim for compensation. *See Lindahl v. Office of Personnel Management,* 470 U.S. 768, 779–80 & n. 13, 105 S.Ct. 1620, 1627–28 & n. 13, 84 L.Ed.2d 674 (1985); *Staacke v. Secretary of Labor,* 841 F.2d 278, 281 (9th Cir.1988); *Paluca v. Secretary of Labor,* 813 F.2d 524, 526 (1st Cir.), *cert. denied,* 484 U.S. 943, 108 S.Ct. 328, 98 L.Ed.2d 355 (1987).

██ FECA's bar on judicial review does not, however, extend to constitutional claims. *See Rodrigues v. Donovan,* 769 F.2d 1344, 1347–48 (9th Cir.1985). A district court has jurisdiction to review constitutional challenges to OWCP's actions in administering FECA, unless they are "so attenuated and unsubstantial as to be absolutely devoid of merit." *Paluca,* 813 F.2d at 526 (quoting *Newburyport Water Co. v. Newburyport,* 193 U.S. 561, 579, 24 S.Ct. 553, 557, 48 L.Ed. 795 (1904)). In the present case, Czerkies has alleged that he was denied medical treatment without due process of law. However, he has utterly failed to substantiate his claim. There is no allegation that the available administrative procedures are constitutionally inadequate or nonexistent, or were not properly followed. On the contrary, Czerkies attaches a letter to his complaint from the Employment Standards Administration of the Department of Labor which evidences a myriad of hearing and appeals procedures, all of which have been employed in considering Czerkies' claims. Furthermore, in a nearly identical claim previously brought by Czerkies arising out of the same injury, these procedures were found to satisfy constitutional due process. *See Czerkies v. Department of Labor, et al.,* No. 92 C 2151 (N.D.Ill. Feb. 24, 1993) (accepting the September 18, 1992 Report and Recommendation of Magistrate Judge Elaine E. Bucklo). We there-

---

1. In considering the motion to dismiss, we will, of course, take all the complaint's well-pleaded allegations as true and will draw all reasonable inferences in favor of the plaintiff.

fore find that Czerkies' allegations of a constitutional violation are "insubstantial and designed to provide a jurisdictional base where none would otherwise exist." *Riehl v. Brock,* 654 F.Supp. 879, 881 (E.D.Mo.1987), *aff'd,* 845 F.2d 1028 (8th Cir.1988). *See also Rodrigues,* 769 F.2d at 1348 ("[A]mere allegation of a constitutional violation [is not] sufficient to avoid the effect of a statutory finality provision."). Accordingly, we dismiss Czerkies' complaint.[2] It is so ordered.

---

**2.** Because we have granted the motion to dismiss for lack of subject matter jurisdiction, we need not reach the defendants' claim that Czerkies' suit is barred under the *doctrine of res judicata,* and that the defendants are therefore entitled to summary judgment.