74 F.3d 1259
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joe L. BELL, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3753.
 United States Court of Appeals, Federal Circuit.
 Jan. 11, 1996.
 
 Before PLAGER, LOURIE, and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Joe L. Bell petitions for review of the decision of the Merit Systems Protection Board (Board) affirming the denial by the Postal Service of his request for reemployment and assignment to a light duty position. We affirm.
 
 
 2
 * Bell was removed from his job as a Mail Processor because he could no longer perform the duties of his position due to a pre-existing degenerative disc condition in his back. Bell challenged the legality of his removal in an appeal to the Board. The Board upheld Bell's removal. Thereafter, on being declared medically fit for limited and light duty work, Bell wrote to the Postal Service requesting a light duty work job. The denial of his request occasioned Bell's second appeal to the Board.
 
 II
 
 3
 As the Board explained in its decision in this case, rules exist that govern reinstatement rights of federal employees who are separated from service on account of compensable injuries. The condition from which Bell suffered at the time of his removal was aggravated by injuries which Bell incurred while working as a Mail Processor, and his injuries were deemed compensable. In fact, Bell received compensation for injury as of October 1987, but compensation was discontinued as of July 11, 1988. At that time, Bell's physicians concluded that he had recovered from the work related aspect of his injury condition, but that he continued to suffer from a "pre-existing lumbar degenerative disc disease" and that he should not perform heavy manual labor.
 
 
 4
 The regulations governing Bell's reinstatement rights distinguish between an "individual who fully recovers from a compensable injury" and an "individual who is partially recovered from a compensable injury." A fully recovered individual is entitled to mandatory restoration, whereas an agency must "make every effort to restore, according to the circumstances in each case," a former employee who has partially recovered from a compensable injury. See 5 C.F.R. Secs. 353.301(b), 353.304, 353.401 (1995).
 
 
 5
 The Board, upon review of Bell's medical record, concluded that since he was unable to perform the work of the position from which he was removed because of his continuing degenerative disc disease, and since he admitted as much by seeking a limited and light duty job, he should be classified as only partially recovered from his compensable injury. For the reasons explained in the Board's opinion, the Postal Service did not act arbitrarily and capriciously in denying Bell's request for reemployment as a "partially recovered" individual.
 
 III
 
 6
 On appeal here, Bell does not argue that he is entitled to reemployment as a "partially recovered" individual, or that the Board erred in concluding that he lacked such entitlement. Instead, Bell contends that the agency and the Board erred in classifying him as "partially recovered." Bell argues that the Secretary of Labor has the sole authority to administer the Federal Employment Compensation Act (FECA) through the Office of Workers Compensation Program (OWCP). According to Bell, a determination by the Department of Labor that an individual is no longer entitled to OWCP compensation for a work-related injury is a determination that the person has fully recovered from the injury. Bell's contention is not wholly out of place.
 
 
 7
 The Board has recognized that employees are generally deemed to be fully recovered when their compensation benefits cease. See Carter v. United States Postal Service, 27 M.S.P.R. 252, 254 (1985). The Board, however, has also recognized that "[t]his is not always the case", Kinler v. General Servs. Admin., 43 M.S.P.R. 197, 201 (1990), because:
 
 
 8
 [a]s set forth in 5 C.F.R. Sec. 353.102, " 'Fully recovered' means compensation payments have been terminated on the basis that the employee is able to perform all the duties of the position he left or an equivalent one." Thus, an individual is not fully recovered when he remains physically unable to perform his duties because of non-job related injuries.
 
 
 9
 Id. In this case, the Board emphasized the fact that the decision of the Department of Labor terminating Bell's compensation found that Bell was unqualified to perform heavy labor, as would be required in the position from which he was removed. The Board also noted that Bell's request for reemployment conceded that he is unable to meet the definition of "fully recovered" set out in 5 C.F.R. Sec. 353.102 (1995).
 
 
 10
 Bell, however, rests his case on the proposition that decisions of the Secretary of Labor are unreviewable in any court, citing Riehl v. Brock, 654 F.Supp. 879 (E.D.Mo.1987), aff'd, 845 F.2d 1028 (8th Cir.1988). While that case holds that decisions of the Secretary of Labor concerning FECA claims are by statute not reviewable in the courts, it is inapposite in the setting of this case, which does not involve a FECA claim. Bell cites no authority for the proposition that a meaning given to "fully recovered" by the Secretary of Labor would be binding in reemployment determinations made by an agency. Bell also does not challenge the validity of 5 C.F.R. Sec. 353.102. Since substantial evidence supports the Board's conclusion that Bell fails to meet the definition of "fully recovered," we cannot say that the Board's decision to categorize Bell as "partially recovered" is arbitrary or capricious. We thus lack any basis to reverse the Board's decision. See 5 U.S.C. Sec. 7703(c) (1994).