78 F.3d 604
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lois A. SIMS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3702.
 United States Court of Appeals, Federal Circuit.
 Feb. 13, 1996.
 
 Before ARCHER, Chief Judge, LOURIE, and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Lois A. Sims (Sims) appeals the decision of the Merit Systems Protection Board (Board),[1] dismissing her appeal for lack of jurisdiction. Sims alleged in that appeal that she had been denied restoration rights by the United States Postal Service. We affirm.
 
 DISCUSSION
 I.
 
 2
 Sims suffered a work-related injury on March 31, 1989 for which she received compensation from the Office of Workers Compensation Programs (OWCP). By letter dated April 14, 1993, the OWCP informed Sims that the disability resulting from her injury had ceased and her compensation was being terminated. This letter also informed Sims that under the Office of Personnel Management (OPM) regulations, employees who take longer than one year to recover from work-related disability are entitled to priority consideration for reemployment provided that they apply for reemployment within 30 days of the cessation of compensation. Based upon the record evidence, the Board found that Sims was fully recovered on April 14, 1993.
 
 
 3
 On September 8, 1993, Sims wrote to Constance Willis, the Light Duty Coordinator, requesting a light duty assignment. During October and November 1993, there were numerous letters and calls between Sims and the Postal Service regarding Sims' request for light duty, but the Postal Service determined that there were no such positions available. In its decision, the Board found that Sims did not request restoration within 30 days of the cessation of compensation and, therefore, the agency was not under an obligation to restore her. The Board also found that Sims' request for a light duty assignment was not a request for restoration. See Bell v. United States Postal Serv., 66 M.S.P.R. 32, 35 (1994) ("a request for light or limited duty is not a request for restoration"), aff'd, --- F.3d ----, 1996 WL 15898 (Fed.Cir. Jan. 11, 1996); Betran v. United States Postal Serv., 50 M.S.P.R. 425, 429-30 (1991). Since there was no timely request for restoration pursuant to 5 C.F.R. § 353, the Board concluded that it did not have jurisdiction over Sims' appeal.
 
 II.
 
 4
 Pursuant to 5 U.S.C. § 7703(c), we must affirm a decision of the Board unless it is (1) arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence.
 
 
 5
 On appeal, Sims argues that the Board improperly held that an employee seeking restoration is required to do so formally in writing. The Board did not so hold; rather, it held that Sims had not made any request for restoration, written or oral. The Board rejected Sims' allegations that she had requested restoration in a telephone conversation with Denise Scott (Scott), a Human Resources Associate with the Postal Service. The Board found that Sims' claims were not credible in light of Scott's sworn affidavit that while she did speak to Sims regarding her request for light duty, Sims never requested restoration to her original position. The Board found Scott's affidavit consistent with the written correspondence at the time which only referred to light duty work. This factual determination by the Board is supported by substantial evidence.
 
 
 6
 Sims also seems to argue that she was a partially recovered employee who was denied her request for light duty. However, the Board found that she was fully recovered on April 14, 1993 and this finding is supported by substantial evidence. Moreover, even if her argument was correct that she should be treated as a current employee, that does not alter the outcome of the case. The Board also lacks jurisdiction over a claim by a current employee of entitlement to light duty. See Perry v. United States Postal Serv., 46 M.S.P.R. 456 (1990), aff'd, 937 F.2d 623 (Fed.Cir.1991).
 
 
 7
 Finally, this court does not have jurisdiction over Sims' contention that the Postal Service was obligated to restore her to duty as a qualified handicapped person under the Rehabilitation Act. 5 U.S.C. § 7703(b)(2) (1995); King v. Lynch, 21 F.3d 1084 (Fed.Cir.1994) (this court has no jurisdiction over cases arising under the Rehabilitation Act). Furthermore, the Board cannot consider such a claim unless it has jurisdiction by reason of an otherwise appealable action. See Cruz v. Department of Navy, 934 F.2d 1240, 1245-46 (Fed.Cir.1991). Sims had the burden of establishing the Board's jurisdiction under an otherwise appealable action, 5 C.F.R. § 1201.56(a)(2) (1995), a burden which she failed to meet.[2] Therefore, we must affirm the decision of the Board dismissing her appeal for lack of jurisdiction.
 
 
 
 [1]
 The April 11, 1994 initial decision issued by the administrative judge became the final decision of the Board on July 3, 1995 when the Board denied Sims' petition for review
 
 
 [2]
 To the extent that Sims is arguing that the agency did not submit to the Board all the information and documents in this case, we find that the documents at issue were irrelevant and would have no effect on the outcome of the case