**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

---

No. 02-2278

NATHANIEL COOPER,

Plaintiff, Appellant,

v.

ELAINE L. CHAO, SECRETARY,
UNITED STATES DEPARTMENT OF LABOR,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

---

Nathaniel Cooper on brief pro se.
Thomas P. Colantuono, United States Attorney, and Robert J.
Rabuck, Assistant U.S. Attorney, on brief for appellee.

---

July 24, 2003

---

**Per Curiam**.    Pro se plaintiff-appellant Nathaniel Cooper ("Cooper") appeals from the dismissal of his complaint against the United States Department of Labor ("DOL") for lack of subject matter jurisdiction.    Where the question of subject matter jurisdiction focuses on "pure (or nearly pure) questions of law," we review the district court's decision de novo.  Gonzalez v. United States, 284 F.3d 281, 287 (1st Cir. 2002).  We are obligated to construe a pro se complaint liberally, Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the plaintiff's favor, Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996). After carefully reviewing the parties' briefs and the record, we affirm the dismissal of the complaint essentially for the reasons stated in the magistrate judge's July 22, 2002 report and recommendation.  We add only the following comments.

As the lower court correctly noted, the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101 et seq., is the exclusive avenue of redress for a federal employee's claim against the government for a work-related injury.  See Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 193-94 (1983).  We have recognized only one exception to FECA's clear mandate prohibiting judicial review: where the plaintiff makes a specific and substantive claim of the deprivation of his constitutional rights.

-2-

See Paluca v. Secretary of Labor, 813 F.2d 524, 527 (1st Cir. 1987) (holding that district courts have jurisdiction to review Secretary's compliance with Constitution in its administration of FECA). Cooper has made no such claim here.

A complaint must set forth specific allegations sufficient to support a claim. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (noting that "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited"). Cooper's complaint does not explicitly allege any constitutional violation. Moreover, the complaint lacks any reference to the United States Constitution, and does not invoke any term or phrase commonly associated with a constitutional right sufficient to allow the court to infer that such a claim was being alleged.

On appeal, Cooper argues that he did, in fact, assert a due process violation when he alleged that the DOL's Office of Workers' Compensation Programs ("OWCP") tampered with his file "as a tactic to intentionally delay the processing of this claim." Cooper's allegation, however, is merely a bald assertion that does not pass muster as a well-pleaded factual averment. See id. Cooper alleged no facts to even suggest any improper conduct by the OWCP, let alone conduct egregious enough to constitute a constitutional violation. Indeed, the only "evidence" in support of his claim is a newspaper article on a wholly unrelated case involving an attorney for the Board of Veterans Affairs who had tampered with

veterans' files.

Cooper also tries on appeal to present additional constitutional challenges to the OWCP's denial of benefits, invoking the Fourth, Fifth and Fourteenth Amendments. These arguments were not raised below, and, therefore, are deemed waived. See, e.g., United States v. Bongiorno, 106 F.3d 1027, 1034 (1st Cir. 1997) (noting that constitutional arguments not raised in the lower court cannot be advanced on appeal). Moreover, because these arguments are vague and cryptic, they are waived for this reason as well. See id. (noting that issues raised on appeal in perfunctory manner are deemed waived). Accordingly, the lower court correctly ruled that it lacked subject matter jurisdiction over Cooper's claims.

Cooper's motion for expedited review of his appeal is denied as moot.

The judgment of the district court is affirmed.