Joseph R. WEBER, Plaintiff,

v.

William J. HENDERSON, Postmaster
General, et al., Defendants.

No. 02–CV–7625.

United States District Court,
E.D. Pennsylvania.

July 18, 2003.

Linda Shafer Bocchino, Virginia A. Gibson, Richard Mentzinger, U.S Attorney's Office, Philadelphia, PA, for Defendant.

### EXPLANATION AND ORDER

ANITA B. BRODY, District Judge.

Plaintiff Joseph Weber has a long history of litigation against his employer, the United States Postal Service ("USPS"), all of it somehow relating to an injury to his right shoulder and his resulting inability to work as a full-service mail carrier.[1] This litigation history includes thirteen federal lawsuits that failed to progress beyond the pleadings stage.[2] In May 2003, however, Weber went to trial on his fourteenth lawsuit. At trial Weber had the opportunity to present the court with voluminous evidence regarding his injury and his fitness for duty as a fullservice mail carrier. Now before me is Weber's fifteenth lawsuit and the government's corresponding motion to dismiss. The government seeks dismissal of Weber's Complaint on the basis of its failing to state a claim for which relief may be granted and notes that Weber has raised issues previously decided by this court. Because I find that Weber's complaint raises identical issues to those I addressed in my earlier decisions, I will dismiss the complaint on the basis of collateral estoppel.

### BACKGROUND

Weber's May 2003 trial hinged on the issue of whether the Postal Service had unlawfully retaliated against him for filing a complaint with the Equal Employment Office ("EEO"). For a plaintiff in a retaliation case to prevail, he (or she) must establish by the preponderance of the evidence: (1) that he engaged in statutorily-protected activity, (2) that he suffered an adverse employment action, and (3) that there exists a causal link between the protected activity and the adverse action. Weber argued that the USPS's decision to place him in a permanent "rehabilitation" job position constituted an adverse employment action and that the USPS took this action in retaliation for his having filed a complaint with the EEO. After a bench trial, I found that Weber, although satisfying the first two prongs of a case for retaliation, had failed to prove a causal link between his filing of a complaint with the EEO and his assignment to a rehabilitation position. In addition to finding that Weber had not met his burden of proof, I held that Weber had failed to rebut the government's evidence that it placed plaintiff in a rehabilitation position for legitimate, non-discriminatory reasons. Underlying this conclusion was my finding that Weber's own physician, Dr. Gerald Williams, felt that Weber needed permanent restrictions on his physical activity and that these restrictions would always prevent Weber from serving as a full-service mail carrier.

In the suit now before me, plaintiff alleges that the USPS and the United States Department of Labor ("DOL") unlawfully discriminated and retaliated against him. Compl. at 1. Weber alleges that an incident on May 18, 2002 distinguishes this lawsuit from prior lawsuits. *Id.* On May 18, 2002, the USPS allegedly assigned the plaintiff "usual/regular" office duties that are performed by city letter carriers. Compl. at 4–5. Although not clearly ex-

1. See e.g., Weber v. Henderson, No. 00–4029, 2001 U.S. Dist. LEXIS 24097 (E.D.Pa. Dec. 14, 2001); Weber v. Henderson, No. 99–2763, 2001 WL 285605 (E.D.Pa. March 21, 2001), aff'd by Weber v. Henderson, 276 F.3d 582 (3d Cir.2001); Weber v. Henderson, No., 99–2574, 2001 WL 91345, 2001 U.S. Dist. LEXIS 780 (E.D.Pa. Jan. 31, 2001), aff'd by Weber v. Henderson, 29 Fed. Appx. 102 (3d Cir.2002), cert. denied Weber v. Potter, 537 U.S. 975, 123 S.Ct. 446, 154 L.Ed.2d 333 (2002).

2. See Weber, 2001 WL 91345, at *1, 2001 U.S. Dist. LEXIS 780, at *1 n 2, n. 3.

plained, it appears that the USPS's adverse employment action was its failure to assign Weber the street duties of a full-service city letter carrier as well. Compl. at 6, 19. Weber believes that his employer's decision to keep him in a rehabilitation position constitutes unlawful discrimination and retaliation in violation of the Rehabilitation Act, Merit System Principles §§ 2301–2302, and the First, Fifth, and Fourteenth Amendments.[3] Compl. at 17.

Plaintiff has presented no new allegations in his Complaint, other than his assertion that he received new office duties in May 2002. Weber "freely admits that he never fully recovered from his job related injury," Compl. at 12, and that his "medical condition has never changed since he injured his shoulder on February 11, 1994. Nothing has changed" Compl. at 14. Weber is also quite candid about his intent to tie this lawsuit back to his previous lawsuits. He instructs the court that a "more detailed explanation of the employment rights" that the USPS denied him can be found through reference to materials relating to civil action No. 00–CV–4029.[4] Compl. at 12–13. Similarly, the names of the individuals who deprived him of these rights are also to be found through judicial reference to civil action No. 00–CV–4029. Compl. at 13. In fact, plaintiff begins his complaint with a "Notice of Consolidation," wherein he states that "[a]lso being consolidated with this law suit [sic] is all evidence which was submitted in law suits [sic] 97–cv4301, 97–cv–7880, 98–cv–6197, 99–cv–2574, 99–cv–2763, 00–cv–4029 [sic]." Compl. at 3.

## STANDARD OF REVIEW

Rule 12(b)(6) allows the court to dismiss an action for failure to state a claim for which relief can be granted. Fed.R.Civ.P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must accept as true all of the allegations set forth in the complaint and must draw all reasonable inferences in favor of the plaintiff. *See Ford v. Schering–Plough Corp.*, 145 F.3d 601, 604 (3d Cir.1998). Dismissal of plaintiff's claim is appropriate only if plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quotations omitted). The court need not, however, accept conclusory allegations or legal conclusions. *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir.1997).

## DISCUSSION

Weber appears to make the following claims in his complaint: that the USPS and the DOL (1) discriminated and retaliated against him in violation of the Rehabilitation Act; (2) violated the Merit System Principles by discriminating and retaliating against him; and (3) violated his First, Fifth, and Fourteenth Amendment rights. As an alternative holding, I will address these claims. Before doing so, however, I will grant defendants' Motion to Dismiss because plaintiff's entire complaint is precluded by the doctrine of collateral estoppel.

Collateral estoppel, also known as issue preclusion, "prevents the relitigation of issues that have been decided in a previous action." *Hawksbill Sea Turtle v. Fed. Emergency Mgmt. Agency*, 126 F.3d 461, 474 (3d Cir.1997) (citing *Mon-*

---

**3.** Plaintiff also seems to assert a claim under "ELM §§ 540, 660, and 670." These numbers and letters, however, do not resemble any federal or state statute with which this court is familiar. Plaintiff cannot bring a cause of action based on non-legal authority and so this apparent count of his complaint will not be considered.

**4.** Action No. 00–CV–4029 is the lawsuit that plaintiff tried before the court in May 2003.

*tana v. United States*, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)). Collateral estoppel is appropriate if four factors are met: (1) the issue to be precluded is identical to that involved in a prior action; (2) the issue was actually litigated; (3) there was a valid and final judgment; and (4) the determination was essential to the prior judgment. *Burlington N. Railroad Co. v. Hyundai Merch. Marine Co., Ltd.,* 63 F.3d 1227, 1231 (3d Cir.1995). The issue before me is whether the USPS's decision to restrict plaintiff to a rehabilitation position is somehow unlawful. This issue of whether defendants had a lawful reason for assigning and limiting plaintiff to a rehabilitation position has come up repeatedly in Weber's past lawsuits. Plaintiff, through these various lawsuits, has advanced a number of legal theories for why his assignment to a rehabilitation position is unlawful. Each time plaintiff has advanced such a theory, however, I have denied his prayer for relief. Most recently, I held a trial and determined that the USPS had legitimate, non-discriminatory reasons for restricting plaintiff to a rehabilitation position, including the advice of plaintiff's own doctor. This finding was an essential part of my judgment and the trial demonstrates that the issue in question has been fully litigated. Consequently, under *Burlington, any* claim now raised by plaintiff that involves the USPS's reasons for restricting him to a rehabilitation position is collaterally estopped. *See Burlington,* 63 F.3d at 1231. Similarly, any future legal action he takes with regard to his work assignment is also estopped until and unless Weber can allege a documented change in his medical condition.

As the only issue presented in Weber's complaint is whether the USPS lawfully refused to reassign plaintiff from his rehabilitation position, Weber's entire complaint is precluded. Nonetheless, I will address each of the three claims identified above.

### 1. Discrimination and Retaliation under the Rehabilitation Act

■■■■ In making claims for unlawful discrimination and retaliations, Weber recognizes that this Complaint and an earlier lawsuit, Civil Action No. 00–4029, raise identical claims under the Rehabilitation Act.[5] He does not appear to appreciate, however, that my earlier judgment is final. Weber's complaint cannot succeed because his Rehabilitation Act claims are precluded by the doctrine of res judicata. The doctrine of res judicata, also known as claim preclusion, establishes that a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). Res judicata requires: (1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action. See *United States v. Athlone Industries, Inc.,* 746 F.2d 977, 983 (3d Cir.1984). Res judicata forces plaintiffs to present all claims arising out of the same underlying event in a single lawsuit. See *Athlone Industries,* 746 F.2d at 983–84. Parties to a previous lawsuit are also barred from raising new or different legal theories that are based upon the previous suit's underlying facts. *See CoreStates*

---

**5.** In a footnote to his complaint, Weber writes: "Civil action 00–cv–4029 addressed claims of discrimination and retaliation which occurred on or after May 9, 1998. This court dismissed the discrimination issues

raised in that law suit [sic]. In light of the events which took place on May 18, 2002, the plaintiff is filing a motion for this court to reinstate the discrimination claims in civil action 00–cv–4029 . . . ." Compl. at 5 n. 2.

*Bank, N.A. v. Huls America, Inc.,* 176 F.3d 187, 194 (3d Cir.1999) (*quoting* Restatement (Second) of Judgments § 24 cmt. a).

▮ I entered a final judgment on the merits in Civil Action No. 00–4029. *See Weber v. Henderson,* 2001 U.S. Dist. LEXIS 24097 (E.D.Pa. Dec. 14, 2001). In that opinion, I dismissed Weber's Rehabilitation Act claim for unlawful discrimination on the grounds that he does not have a qualifying disability.[6] Absent a qualifying disability, plaintiff cannot state a claim under the Rehabilitation Act. *See* 29 U.S.C. 794(a). As Weber raises identical claims of unlawful discrimination in this and an earlier suit against the USPS, without also alleging new evidence of a qualifying disability, res judicata prevents him from raising this discrimination claim again.

▮ I make a similar finding regarding his retaliation claim. At trial for Civil Action No. 00–4029, I found that the USPS had a legitimate, non-discriminatory reason for placing and keeping plaintiff in a rehabilitation position: plaintiff's treating physician required that he be assigned to a rehabilitation position because his permanent shoulder injury prevented him from working as either a full- or limited-duty city mail carrier.[7] Based on this conclusion, I expressly held that there was no evidence of unlawful retaliation. In light of the fact that plaintiff stated in his Complaint that his medical condition has not changed, there is no factual or legal reason why plaintiff should not be bound by my earlier findings that any adverse employment action was medically necessary and unrelated to plaintiff's filing an EEO complaint.

### 2. Merit System Principles

▮ This claim is also identical to one brought in plaintiff's prior lawsuit, civil action No. 00–CV–4029. For the reasons stated in my opinion, *Weber v. Henderson,* No. 00–CV–4029, 2001 U.S. Dist. LEXIS 24097 (E.D.Pa. Dec. 14, 2001), namely that neither the Merit System Principles nor the Civil Service Reform Act, 5 U.S.C. §§ 2301–01 provide for a private cause of action, plaintiff's claim is denied and dismissed. His claim is also barred by the doctrine of *res judicata. See Athlone Industries,* 746 F.2d at 983–84.

### 3. Constitutional Claims

▮ Plaintiff has once again filed a claim for violation of his First, Fifth, and Fourteenth Amendment rights. I will begin by addressing his First Amendment claim. In this lawsuit, unlike in earlier ones, Weber's First Amendment claim fails to allege any injury involving either speech or religion. Rather, he believes that his assignment to a rehabilitation position violates his "First Amendment rights to properly, correctly and timely process and redress his job related FECA grievance/claims . . . ." Compl. at 19. Be-

---

6. Section 504 of the Rehabilitation Act, which plaintiff appears to rely on, provides: "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C. 794(a).

7. At the close of trial, I noted the government's credible testimony that a full-duty mail carrier must be capable of carrying at least 32 pounds. Plaintiff's doctor stated the he could not carry more than 30 pounds. I also noted that limited-duty positions were only available to workers with temporary injuries. Plaintiff's injury, per his physician, is permanent. For these reasons I found that plaintiff was unable to work as either a full- or limited-duty mail carrier and the government had a legitimate, non-discriminatory reason for placing him in rehabilitation position.

cause no such First Amendment rights, plaintiff has failed to state a claim for which relief can be granted. This claim must therefore be dismissed.

■■■■■ Plaintiff has also raised claims under the Fifth and Fourteenth Amendment. He argues that his due process and equal protection rights were violated by the defendants' alleged refusal to process his job-related injury and illness grievances. Compl. at 19–20. His equal protection argument is nonsensical. To bring an equal protection claim, a litigant must allege that he is a member of a protected class. Weber has not done so. His due process claim also fails. The Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101, under which plaintiff filed the grievances in question, offers a remedy that is *exclusively* administrative. 5 U.S.C. § 8116; *see also Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194, 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983). There is no basis for judicial review of plaintiff's FECA claims, because the statute has a broad preclusion-of review provision: 5 U.S.C. § 8128(b). The limited exception to this presumption of preclusion is for cognizable constitutional claims. *Paluca v. Sec'y of Labor*, 813 F.2d 524, 526–27 (1st Cir.), *cert. denied sub nom., Roberts v. Sec'y of Labor*, 484 U.S. 943, 108 S.Ct. 328, 98 L.Ed.2d 355 (1987). Plaintiff has not stated a cognizable claim for a due process violation. Even when his Complaint is examined in the most favorable light, the only protected interest he might be perceived to have alleged would be a property interest in either a limited- or full-duty mail carrier position. He is, however, collaterally estopped from bringing such claims for the reasons stated above. Accordingly, if plaintiff sought to plead a different liberty or property interest under the mantle of his due process rights, he has failed to satisfy the notice pleading requirements of the Federal Rules of Civil Procedure. *See Conley v. Gibson*, 355

U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Otherwise, Weber is barred by the doctrine of collateral estoppel. *See Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 467, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) (citing *Montana*, 440 U.S. at 153, 99 S.Ct. 970). In either case, plaintiff's Fifth and Fourteenth Amendment claims must be dismissed.

## CONCLUSION

The Supreme Court has noted that the "invocation of res judicata and collateral estoppel 'relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication.'" *Kremer*, 456 U.S. 461, 467, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) (quoting *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)). Plaintiff Joseph Weber's numerous lawsuits have become a telling example of how a disgruntled citizen can, through perseverance, thoroughly tax judicial resources. His perseverance cannot, however, change the fact that he has repeatedly had the opportunity to present this court with evidence of unlawful action by the USPS and he has never succeeded. Litigation, plaintiff must learn, is not a case of "if at first you don't succeed, try, try again." Weber's case has been tried and decided and plaintiff is now bound by those results.

As I stated at the close of trial a month ago, "[p]laintiff's anger and frustration have never, and will never, substitute for a legal cause of action." Once again, plaintiff has failed to allege a cause of action for which relief can be granted: those claims that manage to allege a cognizable cause of action are barred by the doctrines of res judicata and collateral estoppel. Weber's Complaint will be dismissed and, for the final time, I shall advise plaintiff that he will face sanctions if he files another com-

plaint that is brought for the same purpose as those lawsuits previously dismissed and denied.

■■■■■ To ensure that plaintiffs like Weber cease to abuse the limited resources of the courts, a judge may "issue an order restricting the filing of meritless cases by a litigant whose manifold complaints raise claims identical or similar to those that have already been adjudicated." *In re Lonzy Oliver,* 682 F.2d 443, 445 (3d Cir.1982).[8] This authority arises from the All Writs Act, 28 U.S.C. § 1651(a), which also permits a court to restrict the filing of claims that are abusive, groundless, or vexatious. *Brow v. Farrelly,* 994 F.2d 1027, 1038 (3d Cir.1993) (as amended). A court may consider employing the All Writs Act *sua sponte. Lyden v. Susser,* No. 93–3949, 1994 WL 117794, at \*7 (D.N.J.1994). It is on this basis that I will now require the Clerk of the Court to submit all *pro se* filings submitted by Weber to me for review prior to their being filed and docketed. Any filing that raises claims relating to those events connected to Weber's shoulder injury and subsequent assignment to a rehabilitation position will not be docketed until I have determined that the action is neither frivolous nor malicious. I will briefly explain my reasons for taking this course of action.

Weber's frequent and repeated lawsuits have taxed the resources of this court and the defendant USPS. By Weber's own admission, the case now before me involves factual and legal issues connected to at least six prior cases.[9] A review of the Court's records reveals that plaintiff has filed *fifteen* lawsuits in nine years, all involving claims relating to his shoulder injury and work history.[10] Moreover, plaintiff has already commenced yet another lawsuit against the USPS that relates to his displeasure with his rehabilitation position.[11] Despite the frequency and regularity of these filings, none of plaintiff's complaints have succeeded on the merits. I am mindful that a district court has a constitutional obligation to protect a litigant's rights to due process and to maintain freedom of access to the courts. *See Brow,* 994 F.2d at 1038. I am also aware that *pro se* litigants are entitled to greater solicitude than litigants represented by counsel. *See Lyden,* 1994 WL 117794, at \*8. Nonetheless, in balancing these concerns with the cost and vexation of permitting Weber to continue his pattern of filing frivolous and meritless lawsuits, I find that the interests of justice and judicial economy require certain limitations on his freedom to file. For this reason, I will institute the following order.

### ORDER

AND NOW, this 18th day of July, 2003, it is **ORDERED** that:

8. The Supreme Court noted both the limited nature of the judiciary's resources and its need to conserve these resources in *In re McDonald,* 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989):

> Every paper filed with the Clerk of the Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.

9. In Weber's Complaint, he sought to consolidate this action with the following previous actions: 97–CV–4301, 97–CV–7880, 98–CV–6197, 99–CV–2574, 99–CV–2763, 00–CV–4029. Compl. at 3.

10. These cases are numbered as follows: 94–CV–1204; 94–CV–7794; 95–CV–577; 96–CV3097; 97–CV–4301; 97–CV–7880; 98–CV–6197; 99–CV–2574; 99–CV–2763; 00–CV–4029; 01–CV–40; 01–CV–1370; 02–1137; 02–CV–7625; 03–CV–2989.

11. See *Weber v. Potter,* 03–CV–2989.

(1) Defendants' Motion to Dismiss (Docket # 5) is **GRANTED**;

(2) All future actions filed in this Court by plaintiff Joseph R. Weber regarding his shoulder injury and any disputes arising from his assignment to a rehabilitation position by the USPS shall be administered in this Court as follows:

(A) Each such action shall be deemed a related proceeding and shall be assigned to the undersigned;

(B) Unless the complaint is signed by an attorney admitted to practice in this Court, it shall be presented to the undersigned prior to filing and it shall not be filed absent a determination that it is neither malicious nor frivolous;

(3) The criteria for determining whether the complaint is frivolous or malicious shall be:

(A) It does not duplicate any previous filing, unless such filing was denied without prejudice;

(B) It presents a colorable argument for the requested relief;

(4) The Clerk of the Court is directed to administer all complaints filed by Joseph R. Weber in this Court as detailed in this Order.