James L. LEVENTRY, Plaintiff,

v.

Keven PRICE, David J. Tulowitzki, Rod Miller, and Ron Portash, Defendants.

No. Civ.A. 3:02–283J.

United States District Court, W.D. Pennsylvania.

Jan. 13, 2004.

James L. Leventry, Johnstown, PA, pro se.

Michael J. O'Connor, Killian & Gephart, Harrisburg, PA, Paula J. McDermott, Duane Morris LLP, Harrisburg, PA, for Defendant.

### MEMORANDUM OPINION AND ORDER

GIBSON, District Judge.

This case comes before the Court on Defendants' Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). (Document No. 6). Defendants seek dismissal of Plaintiff's claims on the basis that Plaintiff fails to state a claim for which relief may be granted and note that Plaintiff has raised issues previously decided by this court. Finding that Plaintiff's complaint raises identical issues to those addressed in earlier decisions, and in consideration of Defendants' Motion to Dismiss and Plaintiff's Response to Defendants' Motion to Dismiss, this Court grants Defendants' Motion to Dismiss on the basis of collateral estoppel.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 30, 2001, the Plaintiff, James L. Leventry, filed an action seeking injunctive relief against the following defendants: David Tulowitzki, District Attorney; David Kaltenbaugh, Assistant District Attorney; Don Gerrod, Assistant District Attorney; Rod Miller, Chief County Detective; Ron Portash, Assistant County Detective; and Gladys McGough, State Constable. *Leventry v. Tulowitzki, et al.*, No. 01–CV–220–J (W.D.Pa.). Although Plaintiff alleged that he was under imminent threat of prosecution, the Honorable D. Brooks Smith dismissed Plaintiff's claims in August 2002 finding that Plaintiff was "under no imminent threat of prosecution, he has not suffered an injury-in-fact and therefore lacks standing." *Leventry v. Tulowitzki, et al.,* No. 01–CV–220–J (W.D.Pa.) (Document No. 34).

On September 23, 2002, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Third Circuit. (C.A.3d Cir.02–3673). The Third Circuit Court of Appeals filed an opinion on April 3, 2003 affirming the District Court's judgment.

On June 26, 2002, Plaintiff initiated another claim in the United States District Court for the Western District of Pennsylvania. *Leventry v. Tulowitzki et al.,* No. 02–CV–171–J (W.D.Pa.). Plaintiff alleged that defendants, David J. Tulowitzki, Rod Miller, and Ron Portash violated his civil rights pursuant to 42 U.S.C. § 1983. *Id.* Specifically, the court relied on the following facts and pleadings:

> ... James L. Leventry alleges that on June 29, 2000, he was arrested in a reverse sting operation by the Cambria County Drug Task Force. [citations omitted]. Tulowitzki is the District Attorney for Cambria County and serves as the head of the Cambria County Drug Task Force. Miller, Chief County Detective, and Portash, an Assistant County Detective, made the physical arrest. Plaintiff viewed the arrest and charges as 'entrapment and/or outrageous government conduct.' Initially, the District Attorney's Office negotiated a plea offer, but negotiations broke down. As a result, Plaintiff alleges that Portash, acting on orders from Miller and Tulowitzki, filed additional charges in retaliation for not taking the plea. Ultimately, Plaintiff entered into a plea bargain agreement and pleaded guilty to a pharmacy act charge.

As a result of the incidents above, Plaintiff filed the within Complaint in this Court pursuant to 42 U.S.C. § 1983

for violations of his civil rights and constitutional rights, as well as, state torts. Although the Complaint is, at best, difficult to understand, I have discerned Plaintiff is apparently asserting that Defendants are liable for malicious prosecution and abuse of process for 'conspiracy because of their agreement to prosecute Leventry by unlawful means, first by entrapping him and second by imposing additional charges over seven months later when Leventry refused to plead guilty.' [citations omitted].... Plaintiff also asserts that Defendants conducted 'unconstitutional warrantless searches' which violated his state and federal constitutional rights which led to the denial of due process, equal protection, freedom of assembly and 'unenumerated rights.' [citations omitted]. Finally, Plaintiff alleges he was falsely arrested and imprisoned. Consequently, Plaintiff seeks damages, both actual and punitive, as his requested relief.

*Leventry v. Tulowitzki, et al.,* No. 02–CV–171–J (W.D.Pa.).

On January 24, 2003, Chief Judge Donetta W. Ambrose granted defendants' motion to dismiss. *Leventry v. Tulowitzki, et al.,* No. 02–CV–171–J (W.D.Pa.) The court determined that if all of the potential claims brought by Plaintiff pursuant to 42 U.S.C. § 1983 were true, ("malicious prosecution, conspiracy, false arrest, equal protection, due process, and freedom of assembly)" then the validity of his conviction would be challenged. *Id.* However, in his complaint, the Plaintiff never pled that the conviction was "reversed on appeal, expunged by executive order, or declared invalid by an unauthorized state tribunal."

*Id.* Thus, the court, in its reliance on *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) held that "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Leventry v. Tulowitzki, et al.,* No. 02–CV–171–J (W.D.Pa.) (*quoting Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364).[1]

Again, Plaintiff appealed to the United States Court of Appeals for the Third Circuit. (C.A.3d Cir.03–1529). In its judgment entered on May 22, 2003, the Court of Appeals dismissed Plaintiff's case for failure to timely prosecute. *Leventry v. Tulowitzki, et al.,* No. 02–CV–171–J (W.D.Pa.) (Document No. 19).

Plaintiff subsequently filed the above captioned case on November 1, 2002 seeking equitable relief from threatened criminal prosecution under the authority of *Ex parte Young* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). The facts under which Plaintiff bases his present claim are similar to the facts upon which his other claims were predicated. *See Leventry v. Tulowitzki, et al.,* No. 02–CV–171–J (W.D.Pa.)

Plaintiff concedes in his complaint in the case *sub judice* that he has been an outpatient at Addiction Specialist, Inc., a methadone clinic, since April 12, 2000. (Document No. 1). On June 29, 2000, Detectives Miller and Portash arrested Plaintiff for violating the Pennsylvania Controlled Substance Drug Device and Cosmetic Act. 35 P.S. § 780–113. ("Act") (Document No. 7). The arrest culminated from a reverse sting

---

1. The court also determined that while it dismissed the § 1983 claims "over which [it] had original jurisdiction, [it] declined to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3)." *Leventry v. Tulowitzki, et al.,* No. 02–CV–171–J (W.D.Pa.). Thus, the court dismissed the state law claims without prejudice. *Id.*

operation whereby Plaintiff attempted to purchase approximately 60 Oxycontin tablets from a confidential informant. (Document No. 7). Plaintiff was offered a plea bargain for the aforementioned criminal charges; however, he rejected the plea bargain and demanded a trial by jury. (Document No. 7).

.On February 28, 2001, subsequent charges were filed against the Plaintiff for obtaining a controlled substance by "misrepresentation, fraud, forgery, deception or subterfuge." (Document No. 7). These charges stemmed from two separate incidents, June 16, 2000 and July 20, 2000. (Document No. 7). Specifically, the charges allege that Plaintiff violated the Act by obtaining Oxycontin tablets from a physician while also attending methadone treatments for an opiatic dependency. (Document No. 9).

Plaintiff hired counsel and defended against the criminal charges. Plaintiff's then counsel filed pretrial motions to suppress certain evidence and to dismiss the charges alleging bad faith and selective prosecution. (Document No. 7). Certain motions to suppress were granted, but the motion to dismiss for bad faith and selective prosecution was denied. *Id.*

On June 19, 2001, Plaintiff entered into a plea agreement which resolved all outstanding charges against the Plaintiff. No subsequent charges have been filed against Plaintiff.

Plaintiff alleges though that within "one month after Judge Smith's dismissal" on August 26, 2002, the Defendants in the case *sub judice* "began bargaining for more entrapment type activity with another informant ..." (Document No. 9). Plaintiff contends that the Defendants have been "vindictive" and "selective" in their attempts to entrap Plaintiff because Plaintiff knows "the law a little". (Document No. 9). In particular, Plaintiff alleges in this complaint that Defendant, Detective Price, has tried to recruit other informants in an attempt to denounce the Plaintiff. (Document No. 7).

On December 30, 2002, Defendants filed a Motion to Dismiss Plaintiff's claims pursuant to Fed.R.Civ.P. 12(b)(6).

## STANDARD

When the court considers a Rule 12(b)(6) motion to dismiss, the issue is not whether plaintiff will prevail in the end, or whether recovery appears to be unlikely or even remote. The issue is limited to whether, when viewed in the light most favorable to plaintiff, and with all well-pleaded factual allegations taken as true, the complaint states any valid claim for relief. In this regard, the court will not dismiss a claim merely because plaintiff's factual allegations do not support the particular legal theory he advances. Rather, the court is under a duty to independently examine the complaint to determine if the factual allegations set forth could provide relief under any viable legal theory. *See* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357, at 337 & n.40 (2d ed.1990). *See also Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## DISCUSSION

■ Before the Court can review Defendants' Motion to Dismiss on this standard though, the Court must consider the threshold issue of whether Plaintiff is collaterally estopped from advancing his claims in the case *sub judice.*

■ As a general rule, the doctrine of collateral estoppel, now called issue preclu-

sion, precludes a party from relitigating in subsequent suits issues that have been fully and fairly litigated in an earlier case. *See Montana v. United States,* 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). When an issue of fact or law actually litigated and determined is essential to the judgment, the determination is conclusive in a subsequent claim. *See Electro–Miniatures Corp. v. Wendon Co.,* 889 F.2d 41 (3d Cir.1989).[2] Collateral estoppel is appropriate if four factors are met: "(1) the issue to be precluded is identical to that involved in a prior action; (2) the issue was actually litigated; (3) there was a valid and final judgment; and (4) the determination was essential to the prior judgment." *Weber v. Henderson,* 275 F.Supp.2d 616, 620 (E.D.Pa.) (*citing Burlington N. Railroad Co. v. Hyundai Merch. Marine Co., Ltd.,* 63 F.3d 1227, 1231 (3d Cir.1995)).

In the case *sub judice,* Plaintiff alleges that since Judge Smith's Order dismissing Plaintiff's Civil Action No. 01–CV–220–J, the following has occurred: Defendant Price has recruited alleged drug suspects to entrap Plaintiff (Document No. 2, ¶ 17); Defendants have continued to harass and threaten Plaintiff with prosecution (Document No. 2, ¶¶ 16, 18); and Defendants have unfairly targeted Plaintiff as engaging in the practice of "doctor-shopping"

despite the lack of evidence to support such claims. (Document No. 9).[3] Plaintiff subsequently requests that this Court enjoin the Defendants from the following: "deploying entrapment" stings against him, using "illegal electronic surveillance" against him, using deceptive tactics against him, "cajoling" the Plaintiff into entering a "reverse sting", interfering with Plaintiff's ability to seek methadone treatments, and punishing Plaintiff for exercising his "constitutional and statutory rights." (Document No. 2).

The issues of whether Defendants Tulowitzki, Miller, and Portash have continually threatened Plaintiff with prosecution, unfairly targeted Plaintiff as a drug-dealing suspect, and interfered with his ability to exercise his federal constitutional rights have been already advanced by Plaintiff in previous civil actions. *Leventry v. Tulowitzki, et al.,* No. 02–CV–171–J (W.D.Pa.) (Chief Judge Donetta W. Ambrose dismissed Plaintiff's claims filed under 42 U.S.C. § 1983 pursuant to the United States Supreme Court holding in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)); and *Leventry v. Tulowitzki, et al.,* No. 01–CV–220–J (W.D.Pa.).

In *Leventry v. Tulowitzki, et al.,* No. 01–CV–220–J (W.D.Pa.), the Honorable D.

---

**2.** Collateral estoppel differs from *res judicata* in that privity of both parties is not necessary in a second suit involving an issue previously litigated and decided. *See Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 329, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) (describing the distinction between offensive and defensive use of collateral estoppel). The essential elements of *res judicata* are: "(1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." *Nash County Bd. of Educ. v. Biltmore Co.,* 640 F.2d 484, 486 (4th Cir.1981).

**3.** Drug-seekers engage in the practice of doctor-shopping when they seek out physicians who will provide them with prescriptions for their desired narcotics. The drug-seeker may receive multiple, duplicative prescriptions for the same narcotics from different physicians by concealing or failing to disclose to one prescribing physician that he has received the same prescription from another physician. *Leventry v. Tulowitzki, et al.,* No. 01–CV–220–J, fn. 1 (W.D.Pa.).

Brooks Smith determined the following with respect to these claims:

> Leventry filed the instant action seeking injunctive relief, apparently against both then-pending criminal prosecution as well as any other future doctor-shipping prosecution. [citations omitted]. The criminal action against Leventry has since been terminated, apparently, via a plea-bargain, and the defendants in the instant civil action have moved to dismiss the instant action. Because Leventry lacks standing to pursue this claim, I will dismiss his action.

> "The issue of standing is jurisdictional," *St. Thomas–St. John Hotel v. Gov't of the U.S. Virgin Islands,* 218 F.3d 232, 240 (3d Cir.2000), and it must therefore be addressed as a threshold issue in any case before a United States Court. [citations omitted]. There are three elements to constitutional standing. There must be (1) a legally recognizable injury-in-fact that is both (2) caused by the defendant or at least traceable to him and (3) redressable by the court. [citations omitted]. The first element, injury-in-fact, must be concrete and particularized, and actual or imminent as opposed to conjectural or hypothetical. [citations omitted]. The plaintiff bears the burden of establishing all three elements.

> As the Third Circuit has explained in a recent decision, "[i]n cases where a plaintiff seeks injunctive or declaratory relief only, ... standing will not lie if adjudication ... rests upon contingent future events that may not occur as anticipated or indeed may not occur at all." [citations omitted]. The instant case falls squarely within this rule. As the course of these proceedings has revealed, the criminal action against Leventry has been terminated. As Leventry himself has stated, "this Federal action is an exclusively prospective one, seeking only the means for me to avoid a future prosecution ...." [citations omitted]. Yet, nowhere in his original complaint, amended complaint, or various other papers has Leventry indicated that there is an imminent threat that he will be unlawfully prosecuted in the future. While an imminent threat of a prosecution might enable some plaintiff to bring an action similar to the instant one, there appears to be no such imminent threat in this case. [footnote omitted]. What Leventry appears to be seeking is an injunction granting him immunity from criminal prosecution. [footnote omitted]. Because he is under no imminent threat of prosecution, he has not suffered an injury-in-fact and therefore lacks standing. Thus, I must dismiss this action in its entirety.

*Leventry v. Tulowitzki, et al.,* No. 01–CV–220–J (W.D.Pa.).

This Court determines that Plaintiff's claims against Defendants were already the subject of previous civil actions. The issues to be decided in the case *sub judice* are identical to those involved in the prior civil actions advanced by Plaintiff. Defendants[4] have established that the issue of whether Plaintiff's civil rights were violated pursuant to 42 U.S.C. § 1983 was actu-

---

4. Defendant Kevin Price, although not named in prior civil actions initiated by Plaintiff, is permitted under the doctrine of collateral estoppel to advance the claim that Plaintiff is barred from relitigating the same issues since collateral estoppel does not require privity of both parties in a second suit. *See Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).

ally litigated in two separate civil actions, *Leventry v. Tulowitzki, et al.,* No. 02–CV–171–J (W.D.Pa.) and *Leventry v. Tulowitzki, et al.,* No. 01–CV–220–J (W.D.Pa.), that the issue was determined by a valid and final order, and that the determination was essential to the judgment rendered.

Plaintiff seems to argue that new evidence should operate to preclude the dismissal of Plaintiff's claims. Specifically, Plaintiff's complaint alleges that new people are being recruited by Defendants in order to entangle him into a sting operation. (Document No. 2). Additionally, Plaintiff claims that he is the victim of retaliatory efforts by the Defendants since he has learned to know a little about the practice of the law. *Id.*

The Court acknowledges that "[c]hanged circumstances can operate to preclude the operation of collateral estoppel." *Scooper Dooper, Inc. v. Kraftco Corp.* 494 F.2d 840, 846 (3d Cir.1974). However, this exception to the general rule of collateral estoppel is "limited to those instances in which there are materially changed circumstances that implicate controlling facts." *Karibjanian v. Chromalloy Pharmaceutical, Inc.* 1991 WL 34715 (E.D.Pa.) (*citing Scooper Dooper, surpa* ).

Applying this standard to Plaintiff's apparent claim that new evidence provides the necessary evidence in order to establish a prima facie case, this Court finds that Plaintiff's "new evidence" does not trigger the exception to the general rule of collateral estoppel. Although Plaintiff attaches particular weight to Defendants'

seeming need to learn about Plaintiff's "household habits, the extent of [his] dependency and the progress of [his] treatment," (Document No. 9) Plaintiff has failed to demonstrate how Defendants have, in their official capacity, caused the complained of constitutional violations. Accordingly, Plaintiff's evidence in this complaint does not establish the existence of changed factual circumstances that preclude the operation of collateral estoppel.

The Court determines that since no exception to the general rule of collateral estoppel is warranted, Defendants' Motion to Dismiss will be granted on the basis of collateral estoppel.[5]

### ORDER

**AND NOW,** this 13th day of January, 2004, after careful consideration of Defendant's Motion to Dismiss Plaintiff's Complaint, **IT IS HEREBY ORDERED** that all claims asserted against Defendants pursuant to 42 U.S.C. § 1983 are dismissed with prejudice.

The clerk shall mark this case "CLOSED" forthwith.

---

**5.** In their Motion to Dismiss, Defendants also argued that Plaintiff's claims against Defendants could have been dismissed on the basis of immunity. In light of the Court's dismissal of Plaintiff's claims on the basis of collateral estoppel, the Court determines that Defendants' argument is moot.